IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IGOR DEDESCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| ADDISON TRUCK AND TRAILER ) | |
| REPAIR, INC. and ARTEM ZAKHAROV, ) | |
| Individually, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff, Igor Dedesco, by and through his attorneys, Garfinkel Group, LLC, complains against Defendant Addison Truck and Trailer Repair, Inc. and Artem Zakharov, for failing to properly pay overtime wages for all compensable hours worked in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("Wage Act"), and in support thereof, states:

**PARTIES**

1. Plaintiff Igor Dedesco ("Plaintiff" or "Dedesco") is, and at all times relevant was, a resident of and domiciled in [city], [county], state and a former employee of Defendant Addison Truck and Trailer Repair, Inc.

2. Defendant Addison Truck and Trailer Repair, Inc. ("ATTR") is an Illinois corporation with its principal place of business located at 500 S. Lombard Street, Addison, DuPage County, Illinois.

3. Defendant ATTR is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

1

4. Defendant AFTS was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

5. Defendant Artem Zakharov is, and at all times relevant was, President of Defendant Addison Truck and Trailer Repair, and resident of and domiciled in Bolingbrook, Will County, Illinois.

6. Zakharov too was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 29 U.S.C. §216(b) (FLSA jurisdiction); and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

8. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) (venue generally), and 29 U.S.C. § 216(b) (FLSA).

## FACTS

9. Defendant ATTR is a full-service maintenance and repair shop for truck and trailer repairs, including refrigerated trailers.

10. Plaintiff was hired by ATTR on or about January 2020 with the title "mechanic."

11. Plaintiff worked for Defendant until August 23, 2021.

12. Prior to hiring Plaintiff, ATTR did not employ anyone to repair and maintain refrigeration units on refrigeration trailers.

13. When ATTR hired Plaintiff, it used him to create the refrigeration maintenance department, including setting requirements for necessary equipment and department practices.

14. With Plaintiff's hiring, ATTR was able to attract a substantial new source of business.

2

15. Plaintiff's mechanic duties were solely limited to maintenance and repair of the refrigeration units on refrigerated trailers.[1]

16. Put simply, he was the "Maytag repairman" for refrigerators attached to trailers.

17. Plaintiff's duties did not extend to include maintenance or repair on any other part of the refrigerated trailers.

18. Plaintiff's duties likewise did not extend to include maintenance on any part of the semi-trucks themselves.

19. Plaintiff also worked with customers over the phone to provide walk throughs of quick repairs to avoid a service visit or to keep the refrigeration unit running until any perishable loads were delivered and the truck could be serviced in-person.

20. Throughout the course of his employment, Plaintiff worked ten hours per day, Monday through Friday, and six hours each Saturday, with thirty-minute un-paid lunch breaks, which were later reduced to fifteen-minute breaks.

21. In total, Plaintiff worked fifty-six (56) hours per week on average through the course of his employment with Defendant ATTR.

22. Plaintiff was paid hourly at a rate of $30 per hour to start.

23. During his interview and hiring process, Plaintiff was promised by Zakharov that his pay would increase from $30 to $35 per hour after two months.

24. This promise of a raise after two months was a substantial factor in Plaintiff's decision to work for Defendant.

25. Plaintiff's hourly rate was increased to $35 per hour after seven months.

---

[1] Where a worker's duties relate not to the safe operation of the truck but to the safety of the cargo as cargo, that worker does not fall within the Motor Carrier Act exception to the FLSA. See *McDuffie v. Hayes Freight Lines*, 71 F. Supp. 755, 758 (E.D. Ill. 1947) (citing *Anuchick v. Transamerican Freight Lines*, 46 F. Supp. 861, 864 (E.D. Mich. 1942) ("whether a truck can carry butter, beef and eggs without spoiling doesn't 'affect the safety of operation.'")).

26. At no point during his employment did Plaintiff receive overtime wages, or time-and-one-half his hourly rate.

### COUNT I – ATTR and Zakharov
### FLSA – UNPAID OVERTIME

27. Plaintiff incorporates Paragraphs 1 - 26 as though fully set forth herein.

28. The FLSA requires that employers pay all non-exempt employees one-and-a-half times their regular hourly rate of pay for each hour worked in excess of 40, in a given workweek. 29 U.S.C. § 207(a)(1).

29. ATTR and Zakharov were Plaintiff's employers, and the Plaintiff was ATTR's and Zakharov's employee, within the meaning of the FLSA. 29 U.S.C. § 203(d), (e).

30. Individual corporate officers or owners may be held liable for FLSA violations where they possess operational control. *Solis v. Int'l Detective & Protective Service, Ltd.*, 819 F. Supp. 2d 740, 748 (N.D. Ill. 2011) (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991)).

31. Zakharov possessed and exercised the following authority as it relates to ATTR:

   a. The power to hire and fire employees;

   b. Supervisory authority over employees, including control over their work schedules and conditions of employment;

   c. Determining employees' methods and rates of pay; and

   d. Maintenance of employees' records.

32. ATTR and Zakharov violated the FLSA by failing to pay Plaintiff time-and-one-half his hourly rate for all hours worked over 40 throughout the course of Plaintiff's employment with ATTR.

33. As a direct result of Defendants' violation of the FLSA, Plaintiff suffered the loss of compensation in the form of unpaid overtime wages.

WHEREFORE, Plaintiff Igor Dedesco respectfully requests that this Court enter an order, granting judgment in his favor against Defendants Addison Truck and Trailer Repair, Inc., and its owner, Artem Zakharov, individually, awarding Plaintiff:

a. Damages in the form of Plaintiff's unpaid overtime wages;

b. Liquidated damages, pursuant to the FLSA, in the amount of double his actual unpaid overtime wages;

c. Plaintiff's reasonable attorneys' fees;

d. The costs of this action; and

e. Such other and further relief as this Court deems just and proper.

## COUNT II – ATTR and Zakharov
## IMWL – UNPAID OVERTIME

34. Plaintiff incorporates Paragraphs 1 - 26 as though fully set forth herein.

35. The IMWL incorporates the FLSA's standards, including that for overtime pay. See 820 ILCS § 105/1 et seq.; 820 ILCS § 105/4(a); *Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 650 (N.D. Ill. 2007) (holding the IMWL parallels the FLSA, and the same analysis generally applies to both statutes).

36. The IMWL requires an employer to pay its covered, non-exempt employee one and one-half times her regular hourly rate for each hour worked in excess of forty in a workweek. 820 ILCS § 105/3(c), (d).

37. ATTR and Zakharov were Plaintiff's employer, and Plaintiff was ATTR's and Zakharov's employee, within the meaning of the MWL. 820 ILCS § 105/3(c), (d).

38. Plaintiff was a covered and non-exempt employee as defined under the IMWL.

39. Defendants, by their management or agents, violated the IMWL by failing to pay Plaintiff time-and-one-half his hourly rate for all hours worked over 40 during the course of Plaintiff's

employment, resulting in Plaintiff receiving less than the legal overtime rate for his overtime hours worked.

40. As a direct result of Defendants' violation of the IMWL, Plaintiff suffered the loss of compensation in the form of unpaid overtime wages.

WHEREFORE, Plaintiff Igor Dedesco respectfully requests that this Court enter an order, granting judgment in his favor against Defendants Addison Truck and Trailer Repair, Inc., and its owner, Artem Zakharov, individually, awarding Plaintiff:

a. Damages in the form of Plaintiff's unpaid overtime wages;

b. Treble damages, pursuant to the IMWL in the amount of triple his actual unpaid overtime wages;

c. Interest at the rate of 5% per month;

d. Plaintiff's reasonable attorneys' fees;

e. The costs of this action; and

f. Such other and further relief as this Court deems just and proper.

### COUNT II – ATTR and Zakharov
### Wage Act – Unpaid Compensation

41. Plaintiff incorporates Paragraphs 1 - 26 as though fully set forth herein.

42. The Wage Act requires employers to pay their employees according to their agreements and to pay employees all earned wages or final compensation. 820 ILCS 115/2

43. Plaintiff was ATTR's employee, and ATTR was Plaintiff's employer, as defined under the Wage Act. 820 ILCS 115/2.

44. Plaintiff was promised that after two months of working for Defendant his hourly rate of pay would increase from $30 to $35 per hour.

45. There were no conditions or limitations on this promise.

46. Defendants did not increase Plaintiff's pay from $30 to $35 per hour until seven months into his employment.

47. Defendants violated the Wage Act by failing to fully pay Plaintiff his promised earned wages for approximately five months from March to August 2020.

48. As a direct result of Defendant's violation of the Wage Act, Plaintiff was damaged in the form of being denied his full compensation.

WHEREFORE, Plaintiff Igor Dedesco, respectfully requests that this Court enter an order, granting judgment in his favor against Defendants Addison Truck and Trailer Repair, Inc., and its owner, Artem Zakharov, individually, awarding Plaintiff:

a. Payment in the amount of his unpaid wages, to wit, $5 per hour for each hour worked between March and August 2020;

b. Statutory damages equivalent to the maximum statutory monthly interest penalties available pursuant to 820 ILCS 115/14;

c. Reasonable attorneys' fees and costs as required under 820 ILCS 115/15; and

d. Such other and further relief as this Court deems appropriate and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable herein.

| | |
|---|---|
| The Garfinkel Group, LLC<br>6252 N. Lincoln Avenue, Suite 200<br>Chicago, IL 60659<br>Matthew Fletcher (IARDC No. 6305931)<br>matthew@garfinkelgroup.com<br>Max Barack (IARDC No. 6274971)<br>max@garfinkelgroup.com<br>(312) 736-7991 | Respectfully submitted,<br><br>/s/ Matthew Fletcher<br>One of the Plaintiff's Attorneys |